Brian F. Antweil (Texas State Bar No. 01275750)
KATTEN MUCHIN ROSENMAN LLP
1301 McKinney Street, Suite 3000
Houston, TX 77010-3033
Telephone: (713) 270-3423
Facsimile: (713) 583-9065
Brian.Antweil@kattenlaw.com

ATTORNEYS FOR PREMIUM ASSIGNMENT CORPORATION

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | (Chapter 7) |
| | § | |
| ARMADA OIL, INC., | § | Case No. 15-41561 |
| | § | |
| Debtor. | § | Judge Brenda T. Rhoades |

**MOTION OF PREMIUM ASSIGNMENT CORPORATION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES**
**UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Premium Assignment Corporation ("*PAC*"), and files, by and through its undersigned counsel, this Motion of Premium Assignment Corporation for Relief from the Automatic Stay (the "*Motion*") to modify the automatic stay to authorize PAC to exercise its right under state law to collect unearned premiums owed to PAC by Armada Oil, Inc. (the "*Debtor*") on account of an insurance policy financed by PAC. In support of the Motion, PAC respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The relief requested may be granted in accordance with the provisions of title 11 of the United States Code (the "*Bankruptcy Code*") sections 105(a), 362, and 363; Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"); and Rule 4001 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Texas (the "*Local Rules*").

## II. BACKGROUND

2. On August 28, 2015 (the "*Petition Date*"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code [Doc. No. 1]. Linda S. Payne was thereafter appointed as the chapter 7 trustee (the "Trustee").

3. On or about March 26, 2015, PAC and the Debtor entered into that certain Premium Finance Agreement effective as of March 29, 2015 (the "*Finance Agreement*"), a true and correct copy of which is attached as Appendix 1 to Exhibit B. Pursuant to the terms of the
**MOTION OF PREMIUM ASSIGNMENT CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY – Page 2**

Finance Agreement, PAC advanced $39,113.60 to the Debtor's insurance carrier's agent, Alliant Insurance Services, Inc., in prepayment of one year of the Debtor's premiums under a directors and officers liability insurance policy (the "*Policy*"). In exchange, the Debtor made a down payment on the premiums in the amount of $9,778.40 and agreed to make ten (10) monthly payments to PAC, each in the amount of $3,992.31, with the first installment due April 29, 2015.

4. Pursuant to the Finance Agreement, the Debtor granted PAC an irrevocable power of attorney to cancel the Policy and to collect all unearned premiums in the event that the Debtor defaulted under the terms of the Finance Agreement. (Finance Agreement ¶ 2.) As security for the Debtor's obligations, the Debtor assigned to PAC all unearned premiums or other sums that may become payable under the Policy (the "*Collateral*"). (*Id.* ¶ 1.)

5. Pursuant to the Finance Agreement, Alliant Insurance Services, Inc. agreed to remit to PAC the full amount of the unearned premium up to the unpaid balance due under the Finance Agreement. (Finance Agreement pp. 1, 3.)

6. As set forth on the statement of account attached hereto as Appendix 2 to Exhibit B, the Debtor failed to make any payment for the month of August 2015 and thereafter. The Debtor's failure to remit these payments constitutes a default pursuant to paragraph 7 of the Finance Agreement.

7. According to the statement of account attached hereto as Appendix 2 to Exhibit B, the balance due under PAC's Finance Agreement, as of November 16, 2015 is $24,353.10. Despite the Debtor's default under the Finance Agreement, the Debtor continues to consume PAC's Collateral, in that a portion of the unearned premiums become earned each day and, thus, the value of PAC's Collateral is irreparably decreasing at the rate of approximately $133.95 per day. *See, e.g., Drabkin v. A.I. Credit Corp. (In re Auto-Train Corp.)*, 9 B.R. 159, 166 (Bankr.

D.C. 1981) (noting that the value of the collateral declines each day by the amount per diem that unearned premiums become used). Accordingly, as of November 16, 2015, the value of the Collateral is approximately $17,601. PAC has not received any cash payment, replacement lien, or other relief from the Debtor or the Trustee.

8. On or about September 8, 2015, PAC gave notice (the "*Notice*") to the Debtor of its failure to remit the August 2015 payment under the Finance Agreement, which Notice is attached Appendix 3 to Exhibit B.

9. On September 16, 2015, PAC gave notice to the Trustee of its intent to seek relief from the automatic stay. The Trustee does not oppose the Motion or PAC's request to cancel the Policy.

### III. RELIEF REQUESTED

10. PAC requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, modifying the automatic stay for cause so that PAC may exercise its power, in accordance with Texas Insurance Code Chapter 651 and the Finance Agreement, to cancel the Policy effective as of the filing of this Motion, and to collect the unearned premiums from the cancellation of the Policy up to the balance due under the Finance Agreement. Importantly, the Trustee does not oppose the Motion or PAC's request to cancel the Policy.

### IV. BASIS FOR RELIEF

11. In the instant case, it is appropriate to lift the stay because cause independently exists to grant relief from the automatic stay under Bankruptcy Code section 362(d)(1) and (2). The Debtor has defaulted under the Finance Agreement, PAC is entitled to relief from the automatic stay, and the Motion should be granted.

### A. PAC Has a Valid Security Interest in the Collateral.

12. Premium financing is a common commercial transaction. A premium finance company, such as PAC, has a secured interest in the unearned premiums of the insurance policy or policies that were financed without the necessity of filing a UCC-1 financing statement. *See JII Liquidating*, 344 B.R. at 882-85. A premium finance company's security interest in unearned insurance premiums is in the nature of a purchase money security interest. *See TIFCO, Inc. v. U.S. Repeating Arms Co. (In re U.S. Repeating Arms Co.)*, 67 B.R. 990, 997-98 (Bankr. D. Ct. 1986); *A-1 Credit Corp. v. Big Squaw Mountain Corp. (In re Big Squaw Mountain Corp.)*, 122 B.R. 831, 835 (Bankr. D. Me. 1990).

13. A premium finance company has a secured interest in the unearned premiums of the insurance policies financed. This security interest remains in effect throughout the case. *See In re U.S. Repeating Arms Co*. 67 B.R. at 999. The proper time for assessing the value of PAC's security interest is the Petition Date. Although the value of collateral may decline as the premiums are earned, the security interest must be protected as it existed as of the commencement of the bankruptcy case. *In re Auto-Train Corp.*, 9 B.R. at 166.

### B. Cause Exists to Grant PAC Relief from the Automatic Stay under Bankruptcy Code Section 362(d)(1).

14. Bankruptcy Code section 362(d)(1) provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). "Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-intensive situations." *In re Sentry Park,*

*Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988); *see also Mooney v. Gill*, 310 B.R. 543, 546 (N.D. Tex. 2002) ("The bankruptcy court must balance the hardships of the parties and base a decision on whether to modify the automatic stay on the degree of hardship involved and the goals of the Bankruptcy Code."); *In re Cont'l Air Lines, Inc.*, 61 B.R. 758, 780 (S.D. Tex. 1986) ("In sum, a bankruptcy court must be guided by equitable principles in exercising its discretion to enforce or modify the automatic stay."); *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) (noting that default under loan documents can constitute cause).

15. Cause exists in this case to grant PAC relief from the automatic stay pursuant to Bankruptcy Code section 362(d)(1) because, among other things, (i) the Debtor has defaulted under the Finance Agreement; (ii) the Debtor and Trustee have not provided and are unable to provide adequate protection for the PAC's secured claim; and (iii) the value of the Collateral diminishes daily as the premiums become earned.

### C. PAC's Interests Are Not Adequately Protected.

16. Once a movant makes a *prima facie* case that cause exists to lift the stay, the burden shifts to a debtor to show that the collateral is not declining in value or that the secured creditor is adequately protected. *See In re Rogers*, 239 B.R. 883, 887 (Bankr. E.D. Tex. 1999). The Bankruptcy Code does not define "adequate protection," but Bankruptcy Code section 361 provides a non-exclusive list of examples, including:

    a. requiring cash payments to the secured creditor to the extent the continuation of the stay results in a decrease in value of the collateral;

    b. providing the secured creditor with an additional or replacement lien on property to the extent that the continuation of the stay results in a decrease in value of the collateral; or

    c. granting such relief to the secured creditor as will result in the creditor's realization of the "indubitable equivalent" of its interest in the collateral.

*See* 11 U.S.C. § 361(1)-(3). Adequate protection does not exist when factors, such as instability of the value of the collateral, indicate that the creditor's interest in property is not being protected. *See In re Colrud*, 45 B.R. 169, 178-79 (Bankr. D. Ala. 1989).

17. If a debtor has neither adequately protected encumbered property nor presented any persuasive evidence that it can do so, relief from the automatic stay for cause is warranted. *See, e.g., In re NMP Concord II, LLC*, No. 10-43080, 2010 WL 3488249, at *4 (Bankr. N.D. Cal. Sept. 1, 2010); *In re Dumbaya*, 428 B.R. 410, 416 (Bankr. N.D. Ohio 2009); *In re Epiq Capital Corp.*, 290 B.R. 514, 526 (Bankr. D. Del. 2003); *In re Wrecclesham Grange, Inc.*, 221 B.R. 978, 982 (Bankr. M.D. Fla. 1997).

18. As a secured creditor, and under Bankruptcy Code section 363(e), PAC is entitled to adequate protection of its Collateral from the Petition Date. 11 U.S.C. § 363(e); *In re Auto-Train Corp.*, 9 B.R. at 166. Here, the Debtor has failed to remit payments for August 2015 and thereafter due under the Finance Agreement and has failed to offer PAC adequate protection in any form moving forward. Moreover, the Collateral diminishes in value on a daily basis. Accordingly, PAC is not adequately protected, and there is cause under section 362(d)(1) to grant PAC relief from the automatic stay. *See JII Liquidation*, 344 B.R. at 890 (Bankr. N.D. Ill. 2006) (granting motion for relief from stay for cause under section 362(d)(1) because debtor had defaulted under premium finance agreement, neither paid or offered lender any adequate protection, and unearned premiums had been refunded by insurer); *QA3 Fin.*, 2011 WL at *3 (same).

**D. Relief from the Automatic Stay Is Also Justified Pursuant to Bankruptcy Code Section 362(d)(2).**

19. Bankruptcy Code section 362(d)(2) independently provides for relief from the automatic stay if "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). PAC submits that these requirements have also been met because (i) the Debtor does not have any equity in the unearned premiums to the extent of its debt to PAC, and (ii) the Debtor's case is a liquidation under chapter 7 of the Bankruptcy Code, not a reorganization.

### i. The Debtor Lacks Equity in the Collateral.

20. A secured creditor seeking relief from the automatic stay under Bankruptcy Code section 362(d)(2) bears the burden of proof on one issue only: lack of equity in the collateral. *See* 11 U.S.C. § 362(g)(1); *U.S. Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375 (1988) ("*Timbers II*"); *In re Anderson Oaks (Phase I) Ltd. P'ship*, 77 B.R. 108, 110 (Bankr. W.D. Tex. 1987); *In re Playa Dev. Corp.*, 68 B.R. 549, 553 (Bankr. W.D. Tex. 1986); *In re Cal. Gulf P'ship*, 48 B.R. 959, 963 (E.D. La. 1984). Once a lack of equity in the property is established, the burden shifts to the debtor to demonstrate that the property is necessary to an effective reorganization. *See* 11 U.S.C. § 362(g)(2); *Timbers II*, 484 U.S. at 375-76; *Canal Place Ltd. P'ship v. Aetna Life Ins. Co. (In re Canal Place Ltd. P'ship)*, 921 F.2d, 569, 576 (5th Cir. 1991).

21. A debtor that has granted a security interest in unearned premiums does not have equity in those unearned premiums to the extent of its debt. *JII Liquidation*, 344 B.R. at 890 (Bankr. N.D. Ill. 2006) (finding that pursuant to section 362(d)(2)(A) debtor "does not have an equity interest in the unearned insurance premiums to the extent of [lender's] debt" where

unearned premium exceeded debt); *QA3 Fin.*, 2011 WL at *3 ("Because [debtor] granted a security interest to [lender], the debtor has no equity in the unearned premiums.").

22. As of November 16, 2015, the balance due under the Finance Agreement is $24,353.10. The Collateral is decreasing daily. Pursuant to Bankruptcy Code section 362(d)(2)(A), Debtor does not have any equity in the unearned insurance premiums to the extent of the Debtor's obligation to PAC under the Finance Agreement.

### ii. This Case is a Liquidation.

23. Where a debtor fails to establish a reasonable prospect for a successful reorganization, relief from the automatic stay is appropriate. *See Canal Place*, 921 F.2d at 577; *Sutton v. Bank One (In re Sutton)*, 904 F.2d 327, 331 (5th Cir. 1990) (holding that a debtor failed to establish that property was necessary for an effective reorganization where the debtor's plan was to wait until the property market improved); *In re Endrex Exploration Co.*, 101 B.R. 474, 476 (N.D. Tex. 1988) (upholding relief from the automatic stay where the debtor's property would be "helpful" to reorganization, but not necessary).

24. This case if a liquidation under chapter 7, not a reorganization. The Debtor has no need for the Policy in connection with a reorganization. For the reasons set forth herein, PAC respectfully submits that relief from the automatic stay is justified because the Debtor has no equity in the Collateral, and the Collateral is not necessary to an effective reorganization.

**E. Expedited Relief Is Appropriate Because the Value of the Collateral Is Irreparably Declining.**

25. The balance due under the Finance Agreement is, as of November 16, 2015, $24,353.10. Furthermore, despite the Debtor's default under the Finance Agreement, the Debtor continues to consume PAC's Collateral, in that a portion of the unearned premiums become

earned each day and, thus, the value of PAC's Collateral is irreparably decreasing. Due to the fact that the value of PAC's collateral is rapidly and irreparably decreasing, PAC respectfully submits that expedited relief is appropriate in this case.

### F. Waiver of the 14-Day Stay under Bankruptcy Rule 4001(a)(3) Is Appropriate.

26. Bankruptcy Rule 4001(a)(3) states that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise*." Fed. R. Bankr. P. 4001(a)(3) (emphasis added). Courts have waived the stay imposed by Bankruptcy Rule 4001(a)(3) so as not to "impede the enforcement and implementation" of relief from the automatic stay. *See, e.g., In re Huie*, No. 07-40627, 2007 WL 2317152, at *8 (Bankr. E.D. Tex. Aug. 8, 2007).

27. PAC respectfully requests that the 14-day stay imposed by Bankruptcy Rule 4001(a)(3) be waived so that, should the relief requested herein be granted, PAC may immediately cancel the Policy and collect all unearned premiums pursuant to the Finance Agreement.

### V. NO PRIOR REQUEST

28. No previous request for the relief sought in this Motion has been made to this or any other court.

### VI. CONCLUSION

In light of the foregoing, the PAC respectfully requests that the Court enter an order, substantially in the form of order annexed hereto as Exhibit A, (i) authorizing PAC to cancel the Policy effective as of the filing of this Motion, and to collect all unearned premiums up to the

balance due under the Finance Agreement as of the cancelation date, and (ii) granting the Lender such other and further relief to which it shows itself to be justly entitled.

Respectfully submitted this November 17, 2015.

        KATTEN MUCHIN ROSENMAN LLP

        By: /s/ *Brian F. Antweil*

        Brian F. Antweil (Texas State Bar No. 01275750)
        KATTEN MUCHIN ROSENMAN LLP
        1301 McKinney Street, Suite 3000
        Houston, TX 77010-3033
        Telephone: (713) 270-3423
        Facsimile: (713) 583-9065
        Brian.Antweil@kattenlaw.com

        *Attorneys for Premium Assignment Corporation*

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with the Trustee's counsel in order to reach a consensual resolution to the relief sought herein. As of the date of the filing of the foregoing document, a resolution was reached, the Trustee does not opposed the Motion.

/s/ *Brian F. Antweil*
Brian F. Antweil

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Motion (with exhibits) was served on the parties entitled to receive service through the Court's Electronic Case Filing System and specifically on the following parties via email, on this, the 17th of November 2015.

**Trustee's Counsel**
Bill F. Payne
lgarner@moorefirm.com

**Debtor's Counsel**
Mark A. Weisbart
weisbartm@eartlink.net

/s/ *Brian F. Antweil*
Brian F. Antweil